United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| JESSE LEE DRONES, (TDCJ–CID #472216) Petitioner, | § § § § § | Civil Action No. 4:20-03700 |
| vs. | § § § | Judge Charles Eskridge |
| BOBBY LUMPKIN, *et al*, Respondents. | § § § | |

## Memorandum on Dismissal

The petition for a writ of *habeas corpus* under 28 USC § 2254 filed by Petitioner Jesse Lee Drones is successive. Dkt 1. It is dismissed without prejudice.

Drones is currently serving sentences imposed by a Texas state court. He recently filed a federal petition in 4:20-3719. Judge Sim Lake dismissed that petition, stating as follows:

> Public records available from TDCJ reflect that Drones was convicted and sentenced to 35 years' imprisonment in three separate cases on December 30, 1987, for the following offenses committed in Harris County: burglary of a habitation with intent to commit sexual assault (Cause No. 488772); burglary of a habitation with intent to commit theft (Cause No. 486204); and aggravated robbery with a deadly weapon (Cause No. 486228). See Texas Department of Criminal Justice - Offender Information, available at: https://offender.tdcj.texas.gov (last visited Nov. 16, 2020). Court records show that each of those sentences were entered against Drones

as the result of a guilty plea. See Drones v. Quarterman, Civil No. H-07-2462 (S.D. Tex. Aug. 23, 2007) (Docket Entry No. 3, pp. 1-2). Subsequently, Drones was convicted by a jury in Walker County and sentenced in 2002 to serve an additional 15 years' imprisonment for assault on a correctional officer (Cause No. 20,028-C). See Drones v. Cockrell, Civil No. H-03-5191 (S.D. Tex. Feb. 14, 2005)(Docket Entry No. 13, pp. 3-4).

Drones has challenged each of these convictions previously under 28 U.S.C. § 2254, and each one has been upheld on federal habeas review. See Drones v. Quarterman, Civil No. H-07-2462 (S.D. Tex. Aug. 23, 2007) (Docket Entry No. 3, pp. 1-3) (summarizing the previous challenges to the convictions entered against Drones and dismissing the petition in that case as an unauthorized successive writ application).

. . .

Court records reflect that, in 1997, Drones filed an unsuccessful habeas corpus petition to challenge his conviction for burglary of a habitation with intent to commit theft in Harris County Cause No. 486204, which was entered against him on the same day as the challenged conviction for aggravated robbery in Cause No. 486228. See Drones v. Johnson, Civil No. H-97-2739 (S.D. Tex.). In that proceeding, Drones raised the following claims: (1) his guilty plea was the result of extortion, conspiracy, and a violation of the Hobbs Act; (2) his right to equal protection was violated by jury selection procedures; (3) he was not competent to enter a guilty plea; (4) he was not adequately admonished during his guilty plea proceeding; and (5) he was denied effective assistance of

> counsel. See id. (Docket Entry No. 11, pp. 2, 24) (listing claims raised by Drones and recommending that relief be denied because none of them had merit).
>
> Court records reflect that, since 1997, Drones has filed at least 40 other federal habeas corpus petitions in the district courts.[ ] Those records show that, in 2003, Drones challenged his 1987 conviction for aggravated robbery in Cause No. 486228 and his conviction for assault on a correctional officer in Cause No. 20,028-C in the same proceeding. See Drones v. Dretke, Civil No. H-03-5191 (S.D. Tex.). In that proceeding, the district court found that any claim concerning the 1987 aggravated robbery conviction in Cause No. 486228 was untimely and barred by the statute of limitations found in 28 U.S.C. § 2244(d) (1). See id. (Docket Entry No. 13, pp. 2-3).
>
> In 2019, Drones filed another petition to challenge his 1987 aggravated robbery conviction in Cause No. 486228. See Drones v. Davis, Civil No. H-19-0127 (S.D. Tex.). That proceeding was summarily dismissed as both successive and an abuse of the writ. See id. (Docket Entry No. 4, pp. 3-4).
>
> . . .
>
> Based on his litigation history, the court concludes further that the Petition also qualifies as an abuse of the writ. As a result, Drones is required to seek authorization from the Fifth Circuit before this court can consider his Petition. Because there is no record that Drones has requested or received authorization to proceed from the Fifth Circuit, this action must be dismissed without prejudice for lack of jurisdiction.

*Drones v Lumpkin*, 2020 WL 6888573, *1–3 (SD Tex).

The current petition is hard to understand. He repeatedly mentions his conviction for aggravated robbery in Cause Number 486228. He complains of allegations of ineffective assistance of counsel and other due process violations. He provides portions of *habeas corpus* forms where he answers "yes" to nearly all of the questions. Dkt 1 at 6–9, 14, 16.

A district court can consider of its own accord whether a *habeas corpus* petition is successive, thus depriving it of jurisdiction to proceed. *Rodriguez v Johnson*, 104 F3d 694, 697 n 1 (5th Cir 1997) (citations omitted).

28 USC § 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nothing in the record indicates that Drones obtained prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition. As such, this Court thus lacks jurisdiction to consider his claims.

28 USC § 1631 authorizes federal courts to transfer civil actions to the appropriate court upon finding a want of jurisdiction, where it would then proceed as if originally filed there. Transfer is inappropriate here. The petition doesn't seek permission to proceed on a successive petition. It instead seeks only substantive relief. Drones must make an appropriate filing directly with the Fifth Circuit to seek the requisite permission.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC § 2253(c)(2). This requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v Dretke*, 542 US 274, 282 (2004), quoting *Slack v McDaniel*, 529 US 473, 484 (2000). Where the court denies relief based on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 US at 484.

The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct. Drones hasn't made the necessary showing to obtain a certificate of appealability.

The petition for a writ of *habeas corpus* under 28 USC § 2254 filed by Jesse Lee Drones is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Dkt 1.

The constructive motion to proceed *in forma pauperis* is GRANTED. Dkt 1.

Any other pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

SO ORDERED.

Signed on March 4, 2021, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge